UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADAM SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1577** |
| **N. BURL CAIN, WARDEN** | **SECTION "N" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is a letter from the petitioner, Adam Smith ("Smith"), who requests that his habeas corpus petition brought pursuant to 28 U.S.C. § 2254 be withdrawn. (Rec. Doc. No. 7). Because there has been no response to the petition, the Court construes the letter to be a **Notice of Voluntary Dismissal under Fed. R. Civ. P. 41(a)(1)**. This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.   The Petition and Procedural Background

Smith is a convicted inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] Smith filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his 1970 state court convictions and sentences in Jefferson Parish for two counts of aggravated rape, armed robbery, and attempted first degree robbery. Under

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 4.

a broad reading, Smith asserts the following grounds for relief in his federal habeas petition: (1) he was denied the Fifth Amendment right to fair notice of the change in applicable sentencing laws; (2) he was entitled to constitutional protection from ex post facto application of statutory law not proscribed when the offense occurred; (3) he was denied due process when the court imposed punishment not proscribed by legislative authority; and (4) he was denied equal protection of the law when the court applied laws enacted in the Louisiana Constitution of 1974 when he was convicted before its enactment.

Upon receipt of the petition, the Court determined that Smith filed two prior petitions for issuance of a writ of habeas corpus under § 2254 which were related to the same conviction and sentence, Civ. Action Nos. 95-3808"N"(6) and 80-3526. These petitions were denied and dismissed with prejudice as meritless. Smith was unsuccessful on review of his 1995 petition in the United States Fifth Circuit Court of Appeals and the United States Supreme Court.[3]

The instant petition was construed to be a prohibited second or successive petition under 28 U.S.C. § 2244 filed without the required authorization from the Fifth Circuit. Pursuant to the standing procedures of the Court, the case was transferred to the Fifth Circuit under the authority of 28 U.S.C. § 1631 for the Court to determine whether petitioner was authorized under § 2244(b) to file the instant habeas corpus petition.

On August 31, 2015, the Fifth Circuit denied the application to file a successive petition as unnecessary to the extent Smith challenged the 2012 alteration to his sentence related to parole eligibility.[4] The case was reopened in this Court on September 14, 2015. That same day, Smith submitted the letter requesting that his habeas petition be withdrawn.

---

[3]*See Smith v. Ieyoub*, 521 U.S. 1107 (1997); Appeal No. 96-30703 (5th Cir., Cert. of Probable Cause denied).

[4]Rec. Doc. No. 6.

**II.     Voluntary Dismissal Under Fed. R. Civ. P. 41(a)(1)**

Rule 41(a)(1) of the Federal Rules of Civil Procedure governs the voluntary dismissal of a case by the petitioner prior to the filing of a responsive pleading. The Rule provides, *inter alia*, that a petitioner may voluntarily dismiss an action without court order and without consent of the respondents when the notice of dismissal is filed before service of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i); *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 661 (5th Cir. 1979) (A unilateral dismissal by plaintiff "[i]s permissible only before the defendant has filed an answer or a motion for summary judgment.").

Smith's letter to the Clerk of Court stands as notice of his intent to dismiss this case without prejudice based on his decision to serve his sentence as imposed. The Court has not served the habeas petition or directed briefing. The respondent also has not answered or responded to the petition. The Court finds that the respondent will not suffer prejudice from the voluntary dismissal of this petition where none of the State's defenses to a future petition will be compromised.

The filing of a notice of voluntary dismissal under Rule 41(a)(l)(A)(i) is effective <u>immediately</u> and does not require action by the Court. *See Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (citing *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (explaining that a Rule 41(a)(1)(A)(i) dismissal is "immediately self-effectuating" without any action by the court)). "[I]n the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself." *Qureshi*, 600 F.3d at 525.

Therefore, this civil action should be closed by the Clerk of Court without further order of the Court. The notice "itself closes the file. . . . There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone." *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). While no dismissal order need be issued, the undersigned

3

Magistrate Judge has issued this report to recommend that the District Judge direct the clerk to enter the dismissal without prejudice and close this case.

To the extent Smith requests that his petition be "withdrawn," as if to be returned to him, his request is without recourse. There is no procedural mechanism for the Court to do so in a filed and allotted case, nor is it necessary to effectuate the dismissal without prejudice.

### III.  Recommendation

It is therefore **RECOMMENDED** that the Clerk of Court be instructed to recognize the Notice of Voluntary Dismissal (Rec. Doc. No. 7) filed by the petitioner, Adam Smith, and **CLOSE** and **DISMISS** this case **WITHOUT PREJUDICE** pursuant to Notice and Fed. R. Civ. P. 41(a)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 22nd day of September, 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.